**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JONTON ALADAZA HAWKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 02-CV-0309-CVE-SAJ |
| ) | |
| BRENT FATKIN, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court for consideration is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent has filed a response to the petition and provided the state court record and trial transcripts necessary for review of the issues raised by Petitioner (Dkt. # 6). Petitioner has filed a reply to Respondent's response. (Dkt. # 10). For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

In the early morning hours of March 28, 1999, at the intersection of 36th Street North and North Peoria Avenue, in Tulsa, Oklahoma, gunshots were fired from one automobile at another automobile driven by Chris Cortez. Mr. Cortez died from gunshot wounds to the head. One of his passengers, Vincent Brown, also suffered gunshot wounds, but recovered. The other passenger, Lovest Lesley, jumped from the car and did not suffer any injuries. Police investigators determined that the shots came from two different weapons fired out of the passenger side of a vehicle driven by Phillip Morgan. Petitioner Jonton Hawkins was the only passenger in the back seat of Mr. Morgan's car, and his co-defendant, Amrit Thompson, was the passenger in the front seat.

Petitioner was charged in Tulsa County District Court Case No. CF-99-1593 with one count of First Degree Malice Aforethought Murder and two counts of Shooting with Intent to Kill. At the conclusion of a jury trial, Petitioner was found guilty as charged. The jury recommended a sentence of life imprisonment on the murder conviction and ten years imprisonment on each of the other counts. The trial court judge sentenced Petitioner in accordance with the jury's recommendation. Petitioner appealed his judgment and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), raising four issues:

Proposition I: Fundamental reversible error occurred when the trial court failed to properly instruct the jury regarding the use of accomplice testimony. This error was further compounded by the state's failure to produce sufficient evidence to support the convictions for first-degree murder and shooting with intent to kill, because they were based entirely on the uncorroborated testimony of the accomplice.

Proposition II: Mr. Hawkins was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Oklahoma Constitution.

Proposition III: Mr. Hawkins' Fourteenth Amendment due process rights were violated by the imposition of an excessive sentence.

Proposition IV: The accumulation of errors in his case so infected the trial with unfairness that Mr. Hawkins was denied due process of law.

(Dkt. # 6, Ex. A). Petitioner also filed a motion for a new trial (Dkt. # 6, Ex. D). On April 24, 2001, the OCCA entered its unpublished summary opinion affirming the Judgment and Sentence of the trial court and denying Petitioner's request for a new trial. (Dkt. # 6, Ex. E). Petitioner did not seek post-conviction relief in the state courts.

On April 22, 2002, Petitioner filed his petition for habeas corpus relief in this Court (Dkt. # 1) seeking relief on three grounds, as follows:

2

      Ground 1:      Fundamental reversible error occurred when the trial court failed to properly instruct the jury regarding the use of accomplice testimony. This error was further compounded by the state's failure to produce sufficient evidence to support the convictions for first-degree murder and shooting with intent to kill, because they were based entirely on the uncorroborated testimony of the accomplice.

      Ground 2:      Mr. Hawkins was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Oklahoma Constitution.

      Ground 3:      Motion for new trial based upon newly discovered evidence.

## *ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

Respondent states that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review. The Court agrees. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420, 120 S.Ct. 1479 (2000).

**B.   AEDPA Standard**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).

After careful review of Petitioner's claims and the exhibits provided by Respondent in support of the Response, the Court finds that Petitioner raised his claims through the appeals process in state courts. The OCCA considered, but rejected, such claims. See Dkt. # 6, Ex. E. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

**C.     Claims adjudicated by the OCCA**

*1. Failure to instruct regarding accomplice/insufficient evidence (ground 1)*

As part of his first claim, Petitioner asserts that the trial court erred in failing to instruct that Phillip Morgan was an accomplice as a matter of law.[1] The OCCA rejected this claim on direct appeal, citing Anderson v. State, 992 P.2d 409, 418 (Okla. Crim. App. 1999); Cummings v. State, 968 P.2d 821 (Okla. Crim. App. 2000); and Spears v. State, 900 P.2d 431 (Okla. Crim. App. 1995), and stating that "this error does not require relief since the jury received instructions on corroboration and Morgan's testimony was corroborated by independent evidence sufficiently linking Hawkins to the crimes ." (Dkt. # 1, "App. # 3" at 2).

As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law. Tyler v. Nelson, 163 F.3d 1222, 1227 (10th Cir.1999) (citations and quotations omitted). Petitioner argues that the facts presented to the jury warranted the giving of an "accomplice as a matter of law" instruction because "there is no non-accomplice

---

[1] The jury was given instructions (1) that the testimony of an accomplice must be corroborated by other evidence; (2) on the definitions of "accomplice" and "corroborating evidence"; (3) that the jury must first determine if witness Morgan was an accomplice and whether his testimony was corroborated; and (4) how to consider the weight of an accomplice's testimony (Dkt. # 6, Exhibits F-K). It was not given an instruction that Morgan should be considered an "accomplice at law."

4

eyewitnesses, confessions, or other evidence linking petitioner to the commission of the crimes." See Dkt. # 10 at 3. In order to be entitled to habeas relief, however, he must go further and show that failure to give the instruction, under the circumstances of his case, resulted in a "serious miscarriage of justice." Nickerson v. Lee, 971 F.2d 1125, 1138 (4th Cir.1992) (quotation omitted), *abrogation on other grounds recognized*, Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.1995).

Having carefully reviewed the record, this Court concludes that Petitioner has failed to show a miscarriage of justice resulted from the trial court's failure to give an instruction that Phillip Morgan was an "accomplice at law." Petitioner claims that the jury should not have been allowed to determine whether Morgan was an accomplice, but should have been advised that, as a matter of law, Morgan was an accomplice and his testimony must be corroborated. Petitioner is concerned that if the jury did not conclude that Morgan was an accomplice then they could consider his testimony without corroboration. Petitioner argues that there was no corroborating evidence without the testimony of Phillip Morgan. The Court disagrees. Testimony presented to the jury indicated that Petitioner, Morgan and Thompson were together in Morgan's car throughout the evening leading up to the crimes. See Dkt. # 6, Tr. Trans. at 286, 287, 302. There was testimony that gunshots were fired into the victims' car from two different firearms out of the passenger side windows of Morgan's car. Id. at 234-35. In addition, there was testimony that Petitioner was with Morgan and Thompson after the shots were fired. Id. at 446-47. As noted by the OCCA there was sufficient independent evidence linking Petitioner to the crimes. Although Petitioner complains that there was no corroborating evidence that placed him in the backseat of Morgan's car at the exact time of the shooting, the jury could "draw reasonable inferences from basic facts to ultimate facts" to conclude

5

that Petitioner was the shooter in back seat of Morgan's car. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Based on the record, the Court concludes that Petitioner did not suffer a miscarriage of justice as a result of the trial court's failure to give an "accomplice at law" instruction. The OCCA's ruling was not an unreasonable application of clearly established federal law as determined by the Supreme Court, nor was it an unreasonable determination of the facts in light of the evidence presented. Petitioner is not entitled to habeas relief on this claim.

In the second part of his first claim, Petitioner reiterates that no evidence corroborated the accomplice testimony that Petitioner was in the car at the time of the shootings. See Dkt. # 10 at 3. The OCCA rejected this claim on direct appeal, finding that the accomplice testimony was sufficiently corroborated by independent evidence. Petitioner's challenge to the sufficiency of the evidence, based on the State's alleged failure to present evidence corroborating the accomplice testimony, does not rise to the level of a constitutional violation. The Constitution does not prohibit convictions based primarily on accomplice testimony. See Scrivner v. Tansy, 68 F.3d 1234, 1239 (10th Cir. 1995) (citing Takacs v. Engle, 768 F.2d 122, 127 (6th Cir. 1985) ("The Constitution says nothing about accomplice testimony.")); Harrington v. Nix, 983 F.2d 872, 874 (8th Cir.1993) ("[S]tate laws requiring corroboration do not implicate constitutional concerns that can be addressed on habeas review."); Llewellyn v. Stynchcombe, 609 F.2d 194, 196 (5th Cir.1980) (state law requiring independent corroboration of accomplice testimony not controlling on collateral review by federal court). Petitioner's request for habeas corpus relief on this issue should be denied.

*2.     Ineffective assistance of counsel (ground 2)*

In his second claim, Petitioner asserts that he received ineffective assistance of trial counsel when counsel failed to request an instruction that Morgan was an accomplice as a matter of law. On direct appeal, the OCCA rejected this claim, citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984), and holding that "trial counsel was not ineffective in failing to request such an instruction."

Under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas relief on this claim unless he demonstrates that the OCCA's adjudication of this claim was an unreasonable application of <u>Strickland</u>. The <u>Strickland</u> test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. <u>Strickland</u>, 466 U.S. at 687. As discussed above, the Court finds that there was sufficient evidence presented at trial to corroborate the testimony of accomplice Morgan. As a result, Petitioner was not prejudiced by trial counsel's failure to request an "accomplice at law" instruction. Petitioner has not demonstrated that the OCCA's resolution of this issue was an unreasonable application of <u>Strickland.</u> Habeas corpus relief on this claim shall be denied.

*3.     Request for new trial (ground 3)*

In his third claim, Petitioner asserts that the OCCA erred when it denied his request for a new trial. <u>See</u> Dkt. # 6, Ex. E at 2. As a part of his direct appeal proceedings in OCCA Case No. F-2000-331, Petitioner filed a motion for new trial based upon newly discovered evidence (Dkt. # 1, "App. #2"). In support of his motion, Petitioner attached an Affidavit of Phillip Lamont Morgan in which Mr. Morgan stated he was not sure that Petitioner had been the passenger in the back seat of his car

7

at the time of the shootings.[2] Id. The OCCA denied the request for a new trial, finding that Petitioner had not shown that the changes in Morgan's testimony were either material or created a reasonable probability that the outcome would have been affected (Dkt. # 1, "App. #3"). Respondent contends that this issue is not cognizable on habeas corpus review because Petitioner is asking this Court to review his claim of innocence based on newly discovered evidence. In his reply, Petitioner emphasizes that he is not asserting a free-standing claim of actual innocence, but is offering the "new evidence" in support of his challenge to the sufficiency of the evidence.

This Court has reviewed the affidavit of Mr. Morgan which was prepared after the conclusion of Petitioner's trial and agrees with the OCCA that the changes in Morgan's testimony did not create a reasonable probability that the outcome would have been affected. Considering Plaintiff's claim as a challenge to the sufficiency of the evidence, the Court finds that after viewing the evidence discussed in Part C(1) above in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of Petitioner's crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). As a result, the OCCA's denial of Petitioner's request for a new trial was not an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and Petitioner is not entitled to habeas relief on this claim. 28 U.S.C. §2254(d).

---

[2]   At trial, Mr. Morgan testified unequivocally that Petitioner was in the back seat of the car when shots were fired. See Dkt. # 6, Tr. Trans. at 329.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**IT IS SO ORDERED** this 27th day of July, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT